### KOKOMO STRAW-BOARD CO. *v.* SACHS.

*(Supreme Court, General Term, Fifth Department.   October 19, 1889.)*

APPEAL—REVIEW—COSTS.

> Where an appeal has been taken in a case tried before a referee under a stipulation, and appellant's affidavit states that the appeal is taken in good faith, but neither the pleadings, the proceedings before the referee, nor the findings and judgment are before the appellate court, an order of the special term, pending the appeal, directing the county treasurer to repay to plaintiff money deposited by it as security for costs under an order of court will not be disturbed on appeal.

Appeal from special term, Monroe county.

Action by the Kokomo Straw-Board Company against Louis Sachs. Pending an appeal from a judgment for plaintiff, defendant appealed from an order directing the treasurer of that county to pay to the plaintiff the sum of $250, previously deposited with such treasurer, in pursuance of an order of this court, as security for costs in this action.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*H. G. Danforth,* for appellant. *George F. Yeoman,* for respondent.

MACOMBER, J. This action, which was upon a contract for goods sold and delivered by the plaintiff to the defendant, has been tried before a referee, in pursuance of a stipulation, and has resulted in a judgment in favor of the plaintiff. An appeal has been taken to the general term from such judgment, and the affidavit in behalf of the appellant states that the same was taken in good faith. Neither the pleadings, nor the proceedings before the referee, nor the findings and judgment, have been laid before us. The affidavit of the ap-

pellant, under these circumstances, cannot be deemed sufficient to defeat the strong legal presumption which arises in favor of the validity and correctness of the judgment. The application to the special term was addressed to its sound discretion, and we are unable to say from the papers before us that there has been any abuse of such discretion. The deposit belongs, not to the defendant, but to the party who placed it in the hands of the treasurer, and it ought not longer to be withheld by this court from its owner, inasmuch as the condition upon which it was so deposited has been satisfied by the recovery of a judgment by the plaintiff upon its demand. The order should be affirmed, with $10 costs and disbursements.